UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-24979-RAR

**IVY REED and PAUL REED**,

    Plaintiffs,

v.

**ROYAL CARIBBEAN CRUISES LTD.,**
**d/b/a ROYAL CARIBBEAN INTERNATIONAL**,

    Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND REQUEST FOR RELATED RELIEF

**THIS CAUSE** comes before the Court on Plaintiffs' Motion to Strike Defendant's Second Motion to Dismiss and Request for Related Relief [ECF No. 51] ("Motion"). The Court has considered the Motion, all related filings, and is otherwise fully advised. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **DENIED** as explained herein. Plaintiffs shall respond to Defendant's Motion to Dismiss [ECF No. 50] **on or before February 9, 2022**.

On March 5, 2021, the Defendant filed a Motion to Dismiss the Complaint Based on the Parties' Forum Selection Clause And/Or, in the Alternative, Forum *Non Conveniens*. [ECF No. 18]. Nowhere in this Motion did Defendant assert a claim under Federal Rule of Civil Procedure 12(b)(6) (or even Rule 12(b)). *Id*. Plaintiffs filed the instant Motion requesting that Defendant's Motion to Dismiss based on Rule 12(b)(6), [ECF No. 50], be stricken because "Federal Rules of Civil Procedure 7 and 12 do not permit RCCL to file a second Rule 12 motion to dismiss[,]" based on the mistaken belief that a party may not file two motions under Rule 12(b) due to Rule 12(h)(1)'s waiver mechanism. Mot. at 1.

This argument ignores the fact that "Rule 12(g) exempts a Rule 12(b)(6) defense from the consolidation requirement, and Rule 12(h)(2) preserves the defense from Rule 12(h)(1)'s waiver mechanism." *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, No. CIV.A.3:02-CV-2727-G, 2004 WL 833595, at *5 (N.D. Tex. Apr. 19, 2004) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1361 (2003 Supp.) at 666). Therefore, a party may file a motion to dismiss under Rule 12(b)(1) to 12(b)(5), as well as a motion under Rule 12(b)(6). Additionally, an assertion of forum *non conveniens* is not among the Rule 12(b) defenses, thereby providing even more support for the argument that the waiver mechanism does not apply in this case.

In short, nothing prevents Defendant from filing a Motion to Dismiss based on Rule 12(b)(6) as they have done here. Thus, Plaintiffs' Motion to Strike, as well as their requests for default judgment and sanctions, must be denied.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of January, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record